FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 MAY -4  PM 12: 30

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

LAUREN K. BELL

    Plaintiff,

v.

PSS WORLD MEDICAL, INC.,

    Defendant.
_____/

Case No.:

3:12-CV-538-J-32TEM

# COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT BASED ON RACE, SEX, DISABILITY, AGE AND RETALIATION, AND DEMAND FOR JURY TRIAL

Plaintiff, **LAUREN K. BELL** ("**Bell**"), brings this action seeking monetary damages, reinstatement, attorney's fees, costs, and other relief against Defendant, **PSS WORLD MEDICAL, INC.** ("**PSS**"), and alleges the following:

## NATURE OF ACTION

1. This is an action brought by **Bell** against Defendant for discrimination in employment based on her **race, sex** and based on **retaliation** against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA); based on discrimination against her because of her **disability** in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq* ("ADA"), and Chapter 760 of the Florida Civil Rights Act of 1992, as amended ("FCRA"); and based on discrimination against her because of her **age** in violation of the Age Discrimination in Employment Act (ADEA) and Chapter 760 of the Florida Civil Rights Act of 1992, as amended ("FCRA").

## JURISDICTIONAL AND VENUE

2. The jurisdiction of this Court is invoked under § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391, in that each cause of action arose in this district.

## PARTIES

4 Plaintiff, **Bell**, is an African American female citizen of the United States and the State of Florida, City of Jacksonville, and County of Duval.

5. Defendant is an employer in an industry that affects commerce, and employs more than 15 employees for purpose of applicability of the FCRA, the Americans With Disabilities Act (ADA) of 1990, and the Age Discrimination in Employment Act (ADEA); and more than 25 employees for purpose of applicability of Title VII of the Civil Rights Act of 1964, as amended.

6. The unlawful practices of discrimination in employment alleged herein were committed within the State of Florida.

7. All conditions precedent to jurisdiction under Title VII of the Civil Rights Act of 1964, as amended; the Americans With Disabilities Act (ADA) of 1990; the Age Discrimination in Employment Act (ADEA); and the Florida Civil Rights Act of 1992, as amended ("FCRA") have occurred or been complied with, to wit:  A charge of employment discrimination was filed by **Bell** against Defendant with the United States Equal Opportunity Commission; that Commission issued **Bell** her Notice Of Right To Sue, dated April 16, 2012 (see *Exhibit 1* attached hereto); and this civil action is being commenced within 90 days of **Bell's** receipt of same.

## **FACTUAL ALLEGATIONS**

8. Plaintiff, **Bell**, began her employment with Defendant on October 26, 2004, as an Accounts Payable Data Entry Clerk.

9. During her tenure working with Defendant (2006), **Bell** was afflicted with a medically diagnosed cataract/glaucoma condition, as a result of which she had to wear trifocals, and which condition exhibited itself in her having difficulty reading small lettering to efficiently key in information to satisfactorily meet her goals.

10. **Bell's** medical condition was determined and documented disabling by her physician such as necessitated her request for company-approved Family Medical Leave Act (FMLA) absence.

11. **Bell** sought reasonable accommodation of her disability from Defendant, and was denied reasonable accommodation within the intent and spirit of the ADA.

12. Rather, subsequent to; and as a direct result of, her request to Defendant for reasonable accommodation of her known disability, **Bell's** manager, **Timothy Lyons** (White male) began immediately writing her up for unsatisfactory performance, e.g., 7/13/10; 8/5//10; and 9/1/10—exhibiting a particularized interest in Plaintiff's job duties/performance even above that of her direct supervisor, Linda Ward, who gave Plaintiff accolades for her job performance being "better than most."

13. In addition to the 3 sudden and "trumped-up" July, August and September 2010 unsatisfactory performances delineated in paragraph 12 above; all of which were assessed against **Bell** by Manager **Lyon** subsequent to **Bell's** complaints made against him to Defendant (see paragraph numbered 14 below), **Bell** proffers the following

3

additional incidents as harassment/retaliation against her by Manager **Lyons** resulting from her complaints made against him:

    a. Manager **Lyons** intentionally neglected giving **Bell** credit for LEAN ideas (company-encouraged suggestions to make work better) that she made; and which suggestions would clearly be put in place only after **Bell** had suggested them; with Manager **Lyons** using the excuse (for not crediting **Bell**) that **Bell's** suggestions were similar ideas or processes to ones already suggested;

    b. Manager **Lyons** had a practice of communicating concerning work-related matters to the "ladies" in the Accounts Payable Department by way of emails upon which he would imprint possibly politically incorrect cartoons-- on one occasion during the 2008 Presidential Election, distributing emails containing real pictures of about 30 mug shots of various minority individuals all wearing "Obama" tee-shirts;

    c. Manager **Lyons** indicated directly to **Bell** that he did not think that her numbers had anything to with the vendor invoices, or her ability to see; but rather the way that she slouched in her chair ("You have no urgency!");

    d. Manager **Lyons** would consistently inquire of **Bell** why she couldn't key a vendor, or had trouble keying a vendor when another younger data entry person had no problem;

    e. Manager **Lyons** would personally change or adjust **Bell's** computer icons or settings (minimize them) such that she could not see them, and would miss her data entry deadlines; and then Manager **Lyons** would reprimand **Bell** for missing the deadlines;

    f. Manager **Lyons** would personally remove invoices, which **Bell** was working on, from **Bell's** desk, and then reprimand **Bell** for the invoices having been removed;

    g. At the very end of her tenure with Defendant, just before she was terminated, **Bell** was provided a larger computer monitor; per her request, however, she was not instructed on how to properly use same; nor was she provided time in which to learn proper use of same.

14. **Bell** complained about the harassment/retaliation; delineated herein, taken against her; particularly in the person of Defendant's agent Manager **Lyons** to; in turn, Manager **Lyon's** supervisor (**Andy Behrens**); Defendant's HR Department; and

4

eventually to Defendant's CEO (**Gary Corliss**)-- all before her termination; and all to no avail.

15. **Bell** was terminated by Defendant on November 2, 2010; ostensively for "unsatisfactory work performance;" but **Bell** contends that when the totality of the circumstances are considered, Defendant's stated reason for her termination is; in actuality, pretext for discrimination.

## JURISDICTION AND FIRST CLAIM FOR RELIEF

16. Plaintiff, **Bell**, realleges paragraphs 8 through 15 as if specifically plead herein, and further states.

17. Plaintiff's first claim for relief is brought, and jurisdiction lies, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting discrimination in employment based on **race** and **sex**.

18. Other of Defendant's co-workers similarly situated as was **Bell**, except for her protected categories of race and sex, were treated more favorably than was **Bell** relative to Defendant's policies relating to reasonable accommodation of various of its employees, and relative to work assignments.

19. Defendant's discrimination against **Bell** because of her race and sex, by and through treating her different than her similarly situated co-workers not in her protected class as delineated above was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), was calculated to; and did, cause **Bell** to suffer loss pay, humiliation, mental anguish and emotion and physical distress.

## JURISDICTION AND SECOND CLAIM FOR RELIEF

20. Plaintiff, **Bell**, realleges paragraph 8 through 15 as if specifically plead herein, and further states.

21. Plaintiff's second claim for relief is brought, and jurisdiction lies, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq* ("ADA") and Chapter 760, Fla. Stat. prohibiting **discrimination** against **disabled individuals** in employment.

22. Defendant recognized/acknowledged **Bell's** disability, and yet did not reasonably accommodated same; notwithstanding **Bell's** requests that her disability be reasonably accommodated as were other of her similarly situated co-workers not in her protected categories.

23. At the time Defendant discriminated against Plaintiff because of her disability by not consistently according her requested reasonable accommodation; and by retaliating against her in her work assignments, Plaintiff was a qualified individual under Title I of the ADA, and under the FCRA.

24. At the time Defendant discriminated against Plaintiff because of her disability by not consistently according her requested reasonable accommodation; and by retaliating against her in her work assignments, Plaintiff's disability substantially affected one or more of her major life activities and/or Plaintiff had a record of having an impairment and/or was being regarded by Defendant as having an impairment as required under Title I of the ADA and under the FCRA.

25. At the time Defendant discriminated against Plaintiff because of her disability by not consistently according her requested reasonable accommodation; and by

retaliating against her in her work assignments, Plaintiff could have substantially performed the major functions of her job with reasonable accommodation as required under Title I of the ADA, and under the FCRA.

26. Consistent, reasonable accommodation was requested of Defendant by Plaintiff, in lieu of the aforedescribed continued employment discrimination, notwithstanding which requests, the discrimination continued.

27. Defendant discriminated against Plaintiff, as aforedescribed, because of her disability, notwithstanding its full knowledge of her disability.

28. Defendant's discrimination against Plaintiff because of her disability by not consistently according her requested reasonable accommodation; and by retaliating against her in her work assignments, was calculated to; and did, cause Plaintiff to suffer loss pay, humiliation, mental anguish and emotion and physical distress.

## JURISDICTION AND THIRD CLAIM FOR RELIEF

29. Plaintiff, **Bell**, realleges paragraph 8 through 15 as if specifically plead herein, and further states.

30. **Bell's** third claim for relief is brought, and jurisdiction lies, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting **discrimination** in employment based on **retaliation** as delineated above.

31. In direct response to **Bell's** engagement in protected activity as delineated, Defendant intentionally discriminated against **Bell**, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), by adverse employment action of terminating her

employment while not likewise terminating the employment of other of her coworkers similarly situated to her aside from her protected classes of race, sex, disability and age.

32. The above delineated adverse employment action against **Bell** by Defendant were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), and were calculated to; and did, cause **Bell** to suffer loss pay and benefits, humiliation, mental anguish, and emotional distress.

## JURISDICTION AND FOURTH CLAIM FOR RELIEF

33. Plaintiff, **Bell**, realleges paragraphs 8 through 15 as if specifically plead herein, and further states.

34. Plaintiff's fourth claim for relief is brought, and jurisdiction lies, pursuant to the Age Discrimination, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting **age discrimination in employment**.

35. At the time of her termination from Defendant, Plaintiff **Bell** was over 40 years of age and; as such, was within the protection of the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting **age discrimination in employment**.

36. Prior to her termination from Defendant, Plaintiff **Bell** was consistently harassed by Defendant's agents relative to the terms and conditions of her job with Defendant particularly because of her age.

37. Other of Plaintiff's co-workers similarly situated as was she, except for her protected category of age, were treated more favorably than was Plaintiff.

38. Other of Plaintiff's co-workers not in her protected category of age committed the

same or similar act as Plaintiff was accused of, yet were not terminated as was Plaintiff.

39. Defendant's discrimination against **Bell** because of her protected category of age, by and through treating her less favorably than her similarly situated co-workers not in her protected class were treated, as delineated above, was in violation of the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting **age discrimination in employment**, and was calculated to; and did, cause **Bell** to suffer loss pay, humiliation, mental anguish and emotion and physical distress.

WHEREFORE, **Bell** respectfully pray that this Honorable Court will advance this case upon the docket; order a speedy jury trial on all issues so triable by jury at the earliest practicable date; cause this case to be in every way expedited, and upon such hearing, award her the following relief as against Defendant:

A.   Order Defendant to reinstate her to her job position;

B.   Enjoin Defendant from further discriminatory and/or retaliatory acts against her;

C.   Grant her back pay, including lost benefits, she would have received had she not suffered the discriminatory discharge from her employment as delineated herein;

D.   Award her compensatory damages for humiliation, mental anguish, pain and suffering and any other compensatory damages which this Court; in its wisdom, feels is just and proper, based on the proof in these proceedings;

E. Enter judgment for Plaintiff for reinstatement of her job, and award her monetary losses she sustained, including benefits, raises, reasonable attorneys fees and costs, and liquidated damages in an additional amount of equal to the sum of her actual damages plus interest pursuant to 29 U.S.C.§ 2617, and

F. Award to her reasonable attorney's fees and costs of this action.

Respectfully submitted,

**Maxie Broome, Jr., P.A.**

*/s/ Maxie Broome, Jr.*
Maxie Broome, Jr., Esquire
Florida Bar No.: 0250201
P.O. Box 371
Bartow, Florida 33831
(904) 382-2434 telephone
mbroomelaw@aol.com

Attorney for Plaintiff